This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41022**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THOMAS EDGE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Christopher G. Perez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant has appealed his conviction for resisting, evading or obstructing an officer. We previously issued a notice of proposed summary disposition in which we proposed to reverse. The State has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse.

**{2}** Because the relevant background information and legal principles have been set forth, we will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Relative to the sufficiency of the evidence, we previously observed that Defendant's act of walking toward and between the officers could not be regarded as flight or evasion, within the meaning of NMSA 1978, § 30-22-1(B) (1981). *See State v. Jimenez*, 2017-NMCA-039, ¶ 37, 392 P.3d 668 (explaining that "in order to violate Section 30-22-1(B), a defendant must engage in conduct that is tantamount to fleeing," which typically "involve[s] an affirmative physical act to move and/or stay away from an officer in order to avoid capture altogether."). The State describes Defendant's conduct somewhat differently, contending that he was "walking . . . [or] pushing his way past the officers" in an "apparent attempt to enter the house." [MIO 4, 8] The State also focuses on Defendant's act of "pulling away" from the officers after they grabbed his arms, together with the ensuing physical struggle. [MIO 4-5, 6, 8-9] The State asserts that this course of conduct should be regarded as tantamount to flight or attempted evasion. [MIO 8-9] We disagree. Although Defendant's actions might have supported a conviction under Subsection (D), his conduct does not supply a basis for a conviction under Subsection (B). *See generally Jimenez*, 2017-NMCA-039, ¶ 40 (explaining that "violations of Subsection (B) and Subsection (D) are distinguishable based on at what point in an encounter a defendant first begins to exhibit resistant conduct. A defendant who is not yet physically capable of being apprehended and who attempts to avoid apprehension by trying to evacuate himself from the presence of an officer is more likely to be in violation of Subsection (B). By contrast, a defendant who is effectively 'cornered,' i.e., whose apprehension is imminent, but who, nonetheless, chooses to challenge or forestall his arrest—either by physical battery, refusing to comply with orders, or verbally—violates Subsection (D)."). In its memorandum in opposition the State neither acknowledges nor addresses *Jimenez,* For the reasons previously described, we deem it controlling.

**{4}** We are similarly unpersuaded by the State's arguments relative to the problematic discrepancy between the offense charged and the version upon which the jury returned a guilty verdict. As we observed in the notice of proposed summary disposition, the case of *State v. Ocon,* ¶¶ 25-27, 32, 493 P.3d 448, held that a similar discrepancy rose to the level of fundamental error. Although the State asserts that we should depart from *Ocon* because the error was conceded in that case, [MIO 9] the concession was not binding upon the Court, and it does not limit the jurisprudential value of the decision. *See generally State v. Martinez*, 1999-NMSC-018, ¶ 26, 127 N.M. 207, 979 P.2d 718 (observing that appellate courts are not bound by the State's concessions in criminal appeals).

**{5}** The State further contends that the discrepancy between the charging document and the jury instructions does not necessarily merit reversal. [MIO 9] However, as *Ocon* and *Jimenez* reflect, we do not regard the statutory subsections as interchangeable, and we treat the failure to properly charge and/or instruct as fundamental error in cases such as this.

**{6}**     Finally, the State suggests that the discrepancy should be deemed immaterial because Defendant would have been found guilty if the jury had been properly instructed on the elements associated with Subsection (D). [MIO 10] This is tantamount to a request that this Court usurp the role of the jury as fact-finder. We cannot indulge such an argument. *See generally State v. McDonald*, 2004-NMSC-033, ¶ 10, 136 N.M. 417, 99 P.3d 667 (observing that "criminal defendants have a constitutional right to have a jury decide guilt or innocence, not appellate court judges during review on appeal" (internal quotation marks and citation omitted)).

**{7}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse.

**{8}     IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**